**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. 08 C 1720** |
| | ) | |
| **v.** | ) | **JUDGE PALLMEYER** |
| | ) | |
| **CHATEAU DEL MAR, INC. and** | ) | |
| **HICKORY HILLS COUNTRY CLUB, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**EEOC'S MOTION FOR LEAVE TO FILE**

**FIRST AMENDED COMPLAINT INSTANTER**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") hereby files this

motion respectfully requesting that the Court grant EEOC leave to file its First Amended

Complaint instanter in this action.  See Plaintiff's First Amended Complaint, attached hereto as

Exhibit A.  In support of its motion, EEOC states the following:

EEOC filed its initial Complaint in this case on March 25, 2008, alleging that Defendants

Chateau Del Mar, Inc. and Hickory Hills Country Club, Inc. (collectively, "Defendants")

discriminated against Charging Parties and a class of female employees by subjecting them to

harassment because of their sex; retaliated against Charging Parties and a class of female

employees by subjecting them to continuing sexual and gender-based harassment after they

opposed and made complaints about the hostile work environment; and constructively

discharged Charging Parties and a class of female employees as a result of the sexual

harassment.  The Commission further alleges that Defendants discriminated against a class of

African American employees by subjecting them to different terms and conditions of

employment, including termination, because of their race, and discriminated against a class of

African American applicants for employment by failing to hire them because of their race.

 In their Answer, Defendants assert that Hickory Hills Country Club, Inc. is incorrectly

named and that the proper defendant is Hickory Properties, Inc.  <u>See</u> Defendants' Answer,

attached hereto as Exhibit B.

 Wherefore, Plaintiff EEOC hereby seeks leave of Court to amend its Complaint to name

Hickory Properties, Inc. as the proper defendant.

      Respectfully submitted,

      <u>*s:/ June Wallace Calhoun*</u>
      June Wallace Calhoun
      Trial Attorney

      EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
      500 West Madison Street
      Suite 2800
      Chicago, Illinois 60661
      (312) 353-7259
      june.calhoun@eeoc.gov

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | **08 C 1720** |
| | ) | |
| **v.** | ) | **HON. JUDGE PALLMEYER** |
| | ) | |
| **CHATEAU DEL MAR, INC. and HICKORY PROPERTIES, INC.,** | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Defendants.** | ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of sex and race and for retaliation, and to provide appropriate relief to the classes of employees who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Chateau Del Mar, Inc. ("CDM") discriminated against Charging Parties Joan Knable ("Knable"), Jill Raddatz ("Raddatz"), Karen Curry ("Curry"), and Maria Rodriguez ("Rodriguez") (collectively, "the Chateau CPs"), and a class of female employees by subjecting them to harassment because of their sex; retaliated against the Chateau CPs and a class of female employees by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment; retaliated against Knable, Raddatz, Curry and a class of female employees by terminating their employment for having opposed and made complaints about the hostile work environment; and constructively discharged Rodriguez and a class of female employees as a result of the sexual harassment. The

Commission further alleges that Hickory Properties, Inc. ("Hickory Properties") discriminated against Charging Parties Ronda Adamek ("Adamek") and Lisa Buglio ("Buglio") (collectively, "the Hickory CPs"), and a class of female employees by subjecting them to harassment because of their sex; retaliated against the Hickory CPs and a class of female employees by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment; and constructively discharged the Hickory Properties CPs and a class of female employees as a result of the sexual harassment.  The Commission further alleges that CDM and Hickory (collectively, "Defendants") discriminated against a class of African American employees by subjecting them to different terms and conditions of employment, including termination, because of their race, and discriminated against a class of African American applicants for employment by failing to hire them because of their race.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title

VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Hickory Properties, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (15) employees.

6.      At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

7.      At all relevant times, Defendant Hickory Hills Properties, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

8.      Defendants Hickory Hills Properties, Inc. and Chateau Del Mar, Inc. are both in the business of providing event, food, banquet and related services within the Hickory Hills Resort in Hickory Hills, Illinois and share various aspects of their business, including, but not limited to, advertising, certain management and operational functions and employees.  From time to time, employees of Hickory Properties, Inc. work at Chateau Del Mar, Inc., and vice-versa.

## STATEMENT OF CLAIMS

9.      More than thirty days prior to the institution of this lawsuit, the Chateau CPs filed charges with the Commission alleging violations of Title VII by CDM.    More than thirty days prior to the institution of this lawsuit, the Hickory CPs filed charges with the Commission alleging violations of Title VII by Hickory Properties.  All conditions precedent to the institution

of this lawsuit have been fulfilled.

10.    Since at least 2003, Defendant CDM has engaged in unlawful employment practices at its facility in Hickory Hills, Illinois, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).  Such unlawful employment practices include, but are not limited to:

(a) subjecting a class of female employees, including the Chateau CPs, to harassment because of their sex;

(b) retaliating against a class of female employees, including the Chateau CPs, by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment;

(c) retaliating against a class of female employees, including Knable, Raddatz, and Curry, by terminating their employment for having opposed and made complaints about the hostile work environment;

(d) constructively discharging a class of female employees, including Rodriguez;

(e) subjecting a class of African American employees to different terms and conditions of employment, including, but not limited to, termination, because of their race;  and

(f) failing to hire a class of African American applicants because of their race.

11.    Since at least 2003, Defendant Hickory Properties has engaged in unlawful employment practices at its Hickory Hills Country Club ("HHCC") facility in Hickory Hills, Illinois, in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).  Such unlawful employment practices include, but are not limited to:

(a) subjecting a class of female employees, including the Hickory CPs, to harassment because of their sex;

(b) retaliating against a class of female employees, including the Hickory CPs, by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment;

(c) constructively discharging a class of female employees, including the Hickory CPs;

(d) subjecting a class of African American employees to different terms and conditions of employment, including, but not limited to, termination, because of their race; and

(e) failing to hire a class of African American applicants because of their race.

12.    The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive the Chateau CPs, the Hickory CPs and various classes of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

13.    The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive a class of African American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

14.    The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive a class of African Americans of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their race.

15.    The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive the Chateau CPs, the Hickory CPs and various classes of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their participation in and/or opposition to conduct protected by Title VII.

16.    The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are intentional.

17.    The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are done with malice or with reckless indifference to the federally protected rights of the Chateau CPs, the Hickory CPs and various classes of female employees.

18.    The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are done with malice or with reckless indifference to the federally protected rights of a class of African American employees and a class of African American applicants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.    Grant permanent injunctions enjoining Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc., their respective officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex and/or race;

B.    Order Defendants Chateau Del Mar, Inc. and Defendant Hickory Properties, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and African Americans, and which eradicate the effects of their past and present unlawful employment practices;

C.    Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole the Chateau CPs and the Hickory CPs, respectively, and a class of female employees who were terminated or constructively discharged by providing appropriate back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

D.    Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make

whole a class of African American employees who were terminated because of their race by providing appropriate back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

E.       Order Defendant Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American applicants for employment who were not hired because of their race by providing appropriate back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

F.       Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole the Chateau CPs and Hickory CPs, respectively, and various classes of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

G.       Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

H.       Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American applicants for employment by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

I.       Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole the Chateau CPs and Hickory CPs, respectively, and various classes of female employees

by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

J.      Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

K.      Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American applicants by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

L.      Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to pay the Chateau CPs and Hickory CPs, respectively, and various classes of female employees punitive damages for their malicious and/or reckless conduct described above, in amounts to be determined at trial;

M.      Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to pay a class of African American employees punitive damages for their malicious and/or reckless conduct described above, in amounts to be determined at trial;

N       Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to pay a class of African American applicants punitive damages for their malicious and/or reckless conduct described above, in amounts to be determined at trial;

O.      Grant such further relief as the Court deems necessary and proper in the public interest; and

P.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

/s John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s June Wallace Calhoun
June Wallace Calhoun
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7259

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO. 08 C 1720** |
| | ) | |
| | ) | |
| **v.** | ) | **JUDGE ANDERSON** |
| | ) | |
| **CHATEAU DEL MAR, INC., and HICKORY** | ) | **MAGISTRATE JUDGE** |
| **PROPERTIES, INC., a Delaware Corporation** | ) | **SCHENKIER** |
| **(Improperly named as Hickory Hills** | ) | |
| **Country Club, Inc.)** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COME the Defendants, CHATEAU DEL MAR, INC. ("Chateau") and HICKORY

PROPERTIES NC., a Delaware corporation ("Hickory Properties"), (improperly named in this

matter as HICKORY HILLS COUNTRY CLUB, INC.) by their attorneys Michael Lee Tinaglia,

J. Molly Wretzky and the Law Offices of Michael Lee Tinaglia, Ltd. and Thomas Paris, Esq. and

for their Answer and Affirmative Defenses to the Complaint of Plaintiff, Equal Employment

Opportunity Commission ("EEOC") state as follows:

## ANSWER TO ALLEGATION IN NATURE OF THE ACTION SECTION COMPLAINT

ALLEGATION:

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.
§ 2000e *et.seq.* ("Title VII") and Title I of the Civil Rights Act of 1991,42 U.S.C. § 198 1 a, to
correct unlawful employment practices on the bases of sex and race and for retaliation, and to
provide appropriate relief to the classes of employees who were adversely affected by such
practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or

"Commission") alleges that Chateau Del Mar, Inc. ("CDM") discriminated against Charging Parties Joan Knable ("Knable"), Jill Raddatz ("Raddatz") Karen Curry ("Curry") and Maria Rodriguez ("Rodriguez")(collectively, "the Chateau CPs") and a class of female employees by subjecting them to harassment because of their sex; retaliated against the Chateau CPs and a class of female employees by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment; retaliated against Knable, Raddatz, Curry and a class of female employees by terminating their employment for having opposed and made complaints about the hostile work environment; and constructively discharged Rodriguez and a class of female employees as a result of the sexual harassment. The Commission hrther alleges that Hickory Hills Country Club, Inc. ("HHCC") discriminated against Charging Parties Ronda Adamek ("Adamek") and Lisa Buglio ("Buglio") (collectively, "the Hickory Hills CPs"), and a class of female employees by subjecting them to harassment because of their sex; retaliated against the Hickory Hills CPs and a class of female employees by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment; and constructively discharged the Hickory Hills CPs and a class of female employees as a result of the sexual harassment. The Commission further alleges that CDM and HHCC (collectively, "Defendants") discriminated against a class of African American employees by subjecting them to different terms and conditions of employment, including termination, because of their race, and discriminated against a class of African American applicants for employment by failing to hire them because of their race.

ANSWER:

With respect to the first sentence, Chateau and Hickory Properties admit that Plaintiff has filed an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et.seq.* ("Title VII") and Title I of the Civil Rights Act of 199 1,42 U.S.C. § 198 1 a, but deny any and all allegations of unlawful employment practices on the bases of sex, race and retaliation, and deny any right to relief. Chateau and Hickory Properties deny all the remaining allegations in the "Nature of Action" section of the Complaint.

ANSWER TO ALLEGATIONS IN
JURISDICTION AND VENUE SECTION OF COMPLAINT

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 45 1, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e 5(f)(l) and (3), and Section 102 of the Civil Rights Act of 1991,42 U.S.C. § 1981 a.

ANSWER:    The allegations in paragraph 1 of the complaint are admitted.

2. The employment practices alleged to be unlawful were and are now being committed

within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

ANSWER: Defendants admit that the employment practices alleged to be unlawful were

allegedly committed within the jurisdiction of the United States District Court for the Northern

District of Illinois, Eastern Division, but Defendants deny that said alleged practices were

committed, or are now being committed as alleged by Plaintiff.

PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

ANSWER: The allegations in paragraph 3 of the complaint are admitted.

4.   At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (1 5) employees.

ANSWER: The allegations in paragraph 4 of the complaint are admitted.

5.    At all relevant times, Defendant Hickory Hills Country Club, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (15) employees.

ANSWER: Defendants deny the allegations of paragraph 5, to the extent Plaintiff

misidentifies the entity HHCC. Defendants, affirmatively state that "Hickory Properties Inc."

is the correct name of the Defendant entity, a Delaware corporation, and Hickory Hills

Country Club is a "d/b/a" of Defendant Hickory Properties. Defendant admits the remaining

allegations in paragraph 5.

6.   At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. $\S$ 2000e(b),(g) and (h).

ANSWER: The allegations in paragraph 6 of the complaint are admitted.

7.   At all relevant times, Defendant Hickory Hills Country Club, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. $\S$ 2000e(b),(g) and (h).

ANSWER: The allegations in paragraph 7 of the complaint are denied to the extent Hickory

Properties is misnamed. The remaining allegations of this paragraph 7 are admitted.

8.   Defendants Hickory Hills Country Club, Inc. and Chateau Del Mar, Inc. are both in the business of providing event, food, banquet and related services within the Hickory Hills Resort in Hickory Hills, Illinois and share various aspects of their business, including, but not limited to, advertising, certain management and operational functions and employees. From time to time, employees of Hickory Hills Country Club, Inc. work at Chateau Del Mar, Inc., and vice-versa.

ANSWER: Chateau admits that it is in the business of providing event, food, banquet and

related services within the Hickory Hills Resort but denies the remaining allegations of the

first sentence. Hickory Properties denies the allegations in the first sentence of paragraph 8 of

the Complaint. Chateau and Hickory Properties each admit that on very rare and infrequent

occasions, employees of Hickory Properties work at Chateau Del Mar, Inc., and vice-versa.

## STATEMENT OF CLAIMS

9.   More than thirty days prior to the institution of this lawsuit, the Chateau CPs filed charges with the Commission alleging violations of Title VII by CDM. More than thirty days prior to the institution of this lawsuit, the Hickory Hills CPs filed charges with the Commission alleging violations of Title VII by HHCC. All conditions precedent to the institution of this lawsuit have been fulfilled.

ANSWER: The allegations in the first sentence of paragraph 9 of the complaint are admitted.

The allegations in the second sentence of paragraph 9 of the complaint are admitted. The

allegations in the third sentence of paragraph 9 of the complaint are denied.


10. Since at least 2003, Defendant CDM has engaged in unlawful employment practices at its
    facility in Hickory Hills, Illinois, in violation of Sections 703(a)(l) and704(a) of Title VII,
    42 U.S.C. § 2000e-2(a)(l) and 2000e-3
         (a). Such unlawful employment practices include, but are not limited to: (a)
subjecting a class of female employees, including the Chateau CPs, to harassment because of
their sex;
         (b) retaliating against a class of female employees, including the Chateau CPs, by
subjecting them to continuing sexual and gender-based harassment after they opposed and
made complaints about the hostile work environment;
         (c) retaliating against a class of female employees, including Knable, Raddatz,
and Curry, by terminating their employment for having opposed and made complaints about
the hostile work environment;
         (d) constructively discharging a class of female employees, including Rodriguez;
         (e) subjecting a class of African American employees to different terms and
conditions of employment, including, but not limited to, termination, because of their race;
and
         (f) failing to hire a class of African American applicants because of their race.


ANSWER: The allegations in paragraph 10 of the complaint are denied and in particular,

each and every one of the allegations contained in each of the sub-paragraphs of paragraph

10 of the complaint is denied.

11.    Since at least 2003, Defendant HHCC has engaged in unlawful employment
practices at its facility in Hickory Hills, Illinois, in violation of Section 703 (a) (1 ) and
704(a) of Title VII, 42 D.S.C. §§ 2000e-2(a)(l) and 2000e-3
         (a). Such unlawful employment practices include, but are not limited to: (a)
subjecting a class of female employees, including the Hickory Hills CPs, to harassment
because of their sex;
         (b) retaliating against a class of female employees, including the Hickory Hills
CPs, by subjecting them to continuing sexual and gender-based harassment after they
opposed and made complaints about the hostile work environment;
         (c) constructively discharging a class of female employees, including the Hickory
Hills;
         (d) subjecting a class of African American employees to different terms and

conditions of employment, including, but not limited to, termination, because of their race; and

      (e) failing to hire a class of African American applicants because of their race.

ANSWER: The allegations in paragraph 11 of the complaint are denied to the extent Hickory

Properties is misnamed. Hickory Properties denies the remaining allegations of paragraph 11

and in particular, each and every one of the allegations contained in each of the sub-

paragraphs of paragraph 11 of the complaint is denied.


12.   The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive the Chateau CPs, the Hickory Hills CPs and various classes of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

ANSWER: The allegations in paragraph 12 of the complaint are denied to the extent Hickory

Properties is misnamed in paragraph 12, and any of the other paragraphs referred to in this

paragraph 12. Each of the remaining allegations in paragraph 12 of the complaint is also

denied.


13.   The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive a class of African American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

ANSWER: The allegations in paragraph 13 of the complaint are denied to the extent Hickory

Properties is misnamed in paragraph 13, and in any of the other paragraphs referred to in this

paragraph 13. Each of the remaining allegations in paragraph 13 of the complaint is denied.


14.  The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive a class of African Americans of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their race.

ANSWER: The allegations in paragraph 14 of the complaint are denied to the extent Hickory

Properties is misnamed in paragraph 14, and in any of the other paragraphs referred to in this

paragraph 14. Each of the remaining allegations in paragraph 14 of the complaint is denied.


15. The effect of the practices complained of in paragraphs ten (10) and eleven (11) above
has been to deprive the Chateau CPs, the Hickory Hills CPs and various classes of female
employees of equal employment opportunities and otherwise adversely affect their status as
employees because of their participation in and/or opposition to conduct protected by Title
VII.

ANSWER: The allegations in paragraph 15 of the complaint are denied to the extent Hickory

Properties is misnamed in paragraph 15, and in any of the other paragraphs referred to in this

paragraph 15. Each of the remaining allegations in paragraph 15 of the complaint is denied.


16.  The unlawful employment practices complained of in paragraphs ten (10) and eleven
(11) above were and are intentional.

ANSWER: The allegations in paragraph 16 of the complaint are denied to the extent Hickory

Properties is misnamed in paragraph 16, and in any of the other paragraphs referred to in this

paragraph 16. The remaining allegation of paragraph 16 of the complaint is denied.


17.  The unlawful employment practices complained of in paragraphs ten (10) and eleven
(11) above were and are done with malice or with reckless indifference to the federally
protected rights of the Chateau CPs, the Hickory Hills CPs and various classes of female
employees.

ANSWER: The allegations in paragraph 17 of the complaint are denied to the extent Hickory

Properties is misnamed in paragraph 17, and in any of the other paragraphs referred to in this

paragraph 17. Each of the remaining allegations in paragraph 17 of the complaint is denied.

18.  The unlawful employment practices complained of in paragraphs ten (10) and eleven
     (11) above were and are done with malice or with reckless indifference to the federally
     protected rights of a class of African American employees and a class of African
     American applicants.

ANSWER: The allegations in paragraph 18 of the complaint are denied to the extent Hickory

Properties is misnamed in paragraph 18, and in any of the other paragraphs referred to in this

paragraph 18. Each of the remaining allegations in paragraph 18 of the complaint is denied.

## PRAYER FOR RELIEF

WHEREFORE, Chateau and Hickory Properties, Defendants herein, pray that the Court

enter judgment in their favor and against the Plaintiff, EEOC and that the Court deny all the

relief requested by Plaintiff, EEOC.

## AFFIRMATIVE DEFENSES

First Affirmative Defense:  The claims of the EEOC are barred to the extent that one or

more of the claims have failed to state claims upon which relief can be granted.

Second Affirmative Defense:  One or more of the individual claims of the EEOC are

barred to the extent that the EEOC lacks standing to bring the claim.

Third Affirmative Defense:  One or more of the class based claims of the EEOC are

barred to the extent that the EEOC lacks standing to bring the claim.

Fourth Affirmative Defense:  To the extent the EEOC has brought this action on behalf of

specific individuals, the claims and relief sought are barred to the extent the specific

individuals failed to mitigate their damages.

<u>Fifth Affirmative Defense:</u>  To extent the EEOC has brought this action on behalf of specific individuals, the claims and relief sought are barred because the specific individuals have pursued their individual rights and remedies by initiating their own claims in a separate and pending action.

Dated: May 28, 2008                    CHATEAU DEL MAR, INC. and
                                       HICKORY PROPERTIES, INC., Defendants

                                       By: s/Michael Lee Tinaglia
                                       One of their Attorneys


MICHAEL LEE TINAGLIA
J. MOLLY WRETZKY
Law Offices of Michael Lee Tinaglia, Ltd.
9700 W. Higgins Rd., Suite 1015
Rosemont, IL 600 18 (847) 692-042 1 (847) 685-8440 fax
mltinaglia@tinaglialaw.com



Tom Paris Esq.
55 W. Monroe Street
Chicago, Illinois 60603
(312) 759-1600
(312) 201-1436 fax
tomparislaw@sbcglobal.net