IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Filed: June 25, 2008
08cv1720    KC
Judge Pallmeyer
08 C 1720 Magistrate Judge Nolan

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **HON. JUDGE PALLMEYER** |
| CHATEAU DEL MAR, INC. and HICKORY PROPERTIES, INC., | ) ) ) ) | **FIRST AMENDED COMPLAINT** |
| Defendants. | ) ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of sex and race and for retaliation, and to provide appropriate relief to the classes of employees who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Chateau Del Mar, Inc. ("CDM") discriminated against Charging Parties Joan Knable ("Knable"), Jill Raddatz ("Raddatz"), Karen Curry ("Curry"), and Maria Rodriguez ("Rodriguez") (collectively, "the Chateau CPs"), and a class of female employees by subjecting them to harassment because of their sex; retaliated against the Chateau CPs and a class of female employees by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment; retaliated against Knable, Raddatz, Curry and a class of female employees by terminating their employment for having opposed and made complaints about the hostile work environment; and constructively discharged Rodriguez and a class of female employees as a result of the sexual harassment. The

Commission further alleges that Hickory Properties, Inc. ("Hickory Properties") discriminated against Charging Parties Ronda Adamek ("Adamek") and Lisa Buglio ("Buglio") (collectively, "the Hickory CPs"), and a class of female employees by subjecting them to harassment because of their sex; retaliated against the Hickory CPs and a class of female employees by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment; and constructively discharged the Hickory Properties CPs and a class of female employees as a result of the sexual harassment.  The Commission further alleges that CDM and Hickory (collectively, "Defendants") discriminated against a class of African American employees by subjecting them to different terms and conditions of employment, including termination, because of their race, and discriminated against a class of African American applicants for employment by failing to hire them because of their race.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title

VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Hickory Properties, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

7. At all relevant times, Defendant Hickory Hills Properties, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

8. Defendants Hickory Hills Properties, Inc. and Chateau Del Mar, Inc. are both in the business of providing event, food, banquet and related services within the Hickory Hills Resort in Hickory Hills, Illinois and share various aspects of their business, including, but not limited to, advertising, certain management and operational functions and employees. From time to time, employees of Hickory Properties, Inc. work at Chateau Del Mar, Inc., and vice-versa.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, the Chateau CPs filed charges with the Commission alleging violations of Title VII by CDM. More than thirty days prior to the institution of this lawsuit, the Hickory CPs filed charges with the Commission alleging violations of Title VII by Hickory Properties. All conditions precedent to the institution

of this lawsuit have been fulfilled.

10.     Since at least 2003, Defendant CDM has engaged in unlawful employment practices at its facility in Hickory Hills, Illinois, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).  Such unlawful employment practices include, but are not limited to:

(a) subjecting a class of female employees, including the Chateau CPs, to harassment because of their sex;

(b) retaliating against a class of female employees, including the Chateau CPs, by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment;

(c) retaliating against a class of female employees, including Knable, Raddatz, and Curry, by terminating their employment for having opposed and made complaints about the hostile work environment;

(d) constructively discharging a class of female employees, including Rodriguez;

(e) subjecting a class of African American employees to different terms and conditions of employment, including, but not limited to, termination, because of their race;  and

(f) failing to hire a class of African American applicants because of their race.

11.     Since at least 2003, Defendant Hickory Properties has engaged in unlawful employment practices at its Hickory Hills Country Club ("HHCC") facility in Hickory Hills, Illinois, in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).  Such unlawful employment practices include, but are not limited to:

(a) subjecting a class of female employees, including the Hickory CPs, to harassment because of their sex;

  (b) retaliating against a class of female employees, including the Hickory CPs, by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment;

  (c) constructively discharging a class of female employees, including the Hickory CPs;

  (d) subjecting a class of African American employees to different terms and conditions of employment, including, but not limited to, termination, because of their race; and

  (e) failing to hire a class of African American applicants because of their race.

12. The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive the Chateau CPs, the Hickory CPs and various classes of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

13. The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive a class of African American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

14. The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive a class of African Americans of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their race.

15. The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive the Chateau CPs, the Hickory CPs and various classes of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their participation in and/or opposition to conduct protected by Title VII.

16. The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are intentional.

17. The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are done with malice or with reckless indifference to the federally protected rights of the Chateau CPs, the Hickory CPs and various classes of female employees.

18. The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are done with malice or with reckless indifference to the federally protected rights of a class of African American employees and a class of African American applicants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant permanent injunctions enjoining Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc., their respective officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex and/or race;

B. Order Defendants Chateau Del Mar, Inc. and Defendant Hickory Properties, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and African Americans, and which eradicate the effects of their past and present unlawful employment practices;

C. Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole the Chateau CPs and the Hickory CPs, respectively, and a class of female employees who were terminated or constructively discharged by providing appropriate back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

D. Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make

whole a class of African American employees who were terminated because of their race by providing appropriate back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

E. Order Defendant Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American applicants for employment who were not hired because of their race by providing appropriate back-pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

F. Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole the Chateau CPs and Hickory CPs, respectively, and various classes of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

G. Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

H. Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American applicants for employment by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

I. Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole the Chateau CPs and Hickory CPs, respectively, and various classes of female employees

by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

J.  Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

K.  Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to make whole a class of African American applicants by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

L.  Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to pay the Chateau CPs and Hickory CPs, respectively, and various classes of female employees punitive damages for their malicious and/or reckless conduct described above, in amounts to be determined at trial;

M.  Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to pay a class of African American employees punitive damages for their malicious and/or reckless conduct described above, in amounts to be determined at trial;

N  Order Defendants Chateau Del Mar, Inc. and Hickory Properties, Inc. to pay a class of African American applicants punitive damages for their malicious and/or reckless conduct described above, in amounts to be determined at trial;

O.  Grant such further relief as the Court deems necessary and proper in the public interest; and

P.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                    Respectfully submitted,

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

/s John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s June Wallace Calhoun
June Wallace Calhoun
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7259