IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | 08 C 1720 |
| Plaintiff, | ) ) ) | JUDGE PALLMEYER |
| v. | ) ) | |
| CHATEAU DEL MAR, INC. and HICKORY HILLS COUNTRY CLUB, INC., | ) ) ) | MAGISTRATE JUDGE NOLAN |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
FRCP 12(b)(6) MOTION TO DISMISS**

Now come the Defendants, Chateau Del Mar Inc ("Chateau"), and Hickory Properties, Inc. ("Hickory"), by and through their attorneys, Michael Lee Tinaglia, J. Molly Wretzky and the LAW OFFICES OF MICHAEL LEE TINAGLIA, LTD., and Thomas Paris, Esq., and in support of their Federal Rule of Civil Procedure ("FRCP") 12(b)(6) Motion to Dismiss the Amended Complaint of the Equal Employment Opportunity Commission ("EEOC") state the following:

**I.     INTRODUCTION**

On March 25, 2008, the EEOC filed a complaint in the United States District Court for the Northern District of Illinois alleging class based violations of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et. seq.*. On July 3, 2008, the EEOC filed an amended ("Amended Complaint")[1] and, other than correcting the name of one of the

---

[1] On June 16, 2008, the EEOC moved for a finding of relatedness pursuant to Local Rule 40.4 between Case No. 07 C 06021, Curry et al. v. Chateau Del Mar et al, which was granted. The EEOC's Complaint was re-assigned to this Court on June 18, 2008.

Defendants, the Amended Complaint was substantially identical to the originally filed complaint.

The Amended Complaint alleges discriminatory conduct and retaliation claims against Defendant Chateau based upon charges of discrimination filed by Joan Knable, Karen Curry, Jill Raddatz and Maria Rodriquez. The foregoing charging parties are referred to as "the Chateau CPs" in the Amended Complaint. See generally Amended Complaint, Doc. 18. Additionally, the Amended Complaint alleges discriminatory conduct and retaliation claims against Defendant Hickory by Ronda Adamek and Lisa Buglio. The foregoing charging parties are referred to as "the Hickory CPs" in the Amended Complaint. See generally Amended Complaint, Doc. 18.

Significantly, on October 24, 2007, Knable, Curry and Raddatz filed private actions against Chateau and Gianakas alleging Title VII violations and certain common law tort claims ("Private Action").[2] See Knable, Curry and Raddatz Complaint, Doc. 1, Case No. 07 C 6021. The Private Action was filed prior to the instant EEOC action and was based upon Notice of Right to Sue letters issued by the EEOC pursuant to the requests of Knable, Curry and Raddatz.

Because Knable, Curry and Raddatz have filed a complaint asserting their private right of action, the EEOC is precluded from filing duplicative claims based upon the charges of discrimination filed by Knable, Curry and Raddatz.

Further, while the EEOC may have a right to intervene in the Private Action, because the EEOC has not certified the action as being in the public interest, at this time this

---

[2] The Curry Plaintiffs have filed their First Amended Complaint seeks to add Hickory Properties, Inc., as an additional defendant. Defendants have filed a motion to dismiss as to Hickory Properties Inc. which is currently pending before this court. See Doc. 32, Case No. 07 C 06021.

2

Court can only dismiss the EEOC Amended Complaint to the extent it is based upon the charges of Knable, Curry and Raddatz. *See*, 42 U.S.C. 2000e-5(f)(1)

## II.　　RULE FRCP 12(b)(6) STANDARD.

FRCP 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted. FRCP 12(b)(6). *General Electric Capital Corporation v. Lease Resolution Corporation*, 128 F.3d 1074, 1080 (7th Cir. 1997). A Motion to Dismiss pursuant to FRCP 12(b)(6) challenges the sufficiency of the complaint. Dismissal is appropriate if it appears beyond a doubt that the Plaintiff can prove no facts in support of its claim that would entitle it to relief. *Connelly v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).

In ruling on the motion, the court accepts as true all well pled facts alleged in the complaint and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corporation*, 176 F.3d 971, 977 (7th Cir. 1999).

## III.　　ARGUMENT

### A. *The Filing Of The Private Action By Knable, Curry And Raddatz Precludes The EEOC From Subsequently Filing An Independent Action To The Extent Such An Action Is Based Upon The Knable, Curry And Raddatz Charges Of Discrimination.*

If a person aggrieved under Title VII receives a Notice of Right to Sue letter and within 90 days filed a private action under Title VII, the EEOC is precluded from subsequently filing an independent Title VII action based on the same facts. *EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1292-1293 (7th Cir. Ill. 1993). In affirming the decision of the district court on the foregoing point, the 7th Circuit Court of Appeals ruled:

> "Under Judge Norgle's view, the EEOC may bring an action after 30 days and within 180 days from the filing of the charge, and thereafter unless the person aggrieved has filed.  The person aggrieved may intervene as a matter of right.  The person aggrieved may bring an action within 90 days of notice of the right to sue.  If <u>that action is brought, the EEOC may only seek permission to intervene, supported by a certification that the case is of general public importance.</u>  If so construed, the statute avoids there being separate actions by the person aggrieved and the EEOC based on the same single alleged violation, and limits the EEOC's intervention in a private action to a case in which the EEOC is willing to certify general public importance.  We think this is the sound construction of the statute.  It was adopted in *EEOC v. Continental Oil Co.*. 548 F.2d 884 (10th Cir. 1977),…concluding that a construction authorizing separate actions would render inconsequential both the provision for permissive intervention, and the requirement of a certificate."   See *EEOC v. Harris Chernin, Inc*.,, *supra. a*t 1292.

See also*, EEOC v. Harris Chernin, Inc*., 767 F. Supp. 919, 925 (N.D. Ill 1991) (*Affirmed in part, reversed in part, remanded on other issues by EEOC v. Harris Chernin, Inc*., 10 F.3d 1286, 1292-1293 (7th Cir. Ill. 1993)); *EEOC v. Harvey L. Walner & Assocs*., 91 F.3d 963, 971 (7th Cir. Ill. 1996); *EEOC v. Motorola, Inc*., 1975 U.S. Dist. LEXIS 15586, 1-13 (N.D. Ill. Nov. 7, 1975)(*citing Equal Employment Opportunity Commission v. Missouri Pacific Railroad Company*, 493 F.2d 71, 7 FEP Cases 177 (8th Cir. 1974)) *see also*, 42 U.S.C. 2000e-5(f)(1).

Further, the EEOC may only seek permission to intervene when supported by a certification that the case is of general public importance." *EEOC v. Harris Chernin, Inc*., 10 F.3d at 1292; *see also* 42 U.S.C. 2000-e-5(f)(1).

Because Knable, Curry and Raddatz have opted for private litigation of their claims pursuant to the Right to Sue Notices sent to them on October 10, 2007, the EEOC cannot maintain a separate action based upon the same alleged violation as that upon which the Curry Plaintiffs base their action. See *Harris Chernin*, *supra. at* 1292-93.

> B. ***Absent Certification That The Case Is Of General Public Importance, The EEOC Cannot Intervene In The Knable, Curry And Raddatz Private Action.***

4

While the EEOC cannot as a matter of law maintain an independent action based on the Knable, Curry and Raddatz charges, the EEOC can, in certain circumstances intervene in the Private Action. See 42 U.S.C. 2000e-5(f)(1). However, as set forth in *Harris Chernin*, *supra. at 1292,* "Upon timely application, the court may, in its discretion, permit the Commission…to intervene in such civil action upon certification that the case is of general public importance."

It is undisputed that at no time has the EEOC made the necessary certification as to any "public importance" of the Knable, Curry and Raddatz Private Action.

Accordingly, at this juncture this Court can only dismiss the EEOC Amended Complaint to the extent it is based upon the Knable, Curry and Raddatz charges. The Court cannot, absent certification allow an intervention by the EEOC in the Knable, Curry and Raddatz Private Action.

### C. *Case Nos. 06 C 06021 and 08 C 1720 are based in part upon the same underlying charges and both seek the same relief to redress the same alleged violations.*

Similarly, the EEOC may not seek to redress the alleged Title VII violations that the Knable, Curry and Raddatz Plaintiffs complain of, and certainly may not base its prayer for victim-specific relief based upon the EEOC charges of those Plaintiffs. Nonetheless, an examination of the EEOC Amended Complaint establishes that that pleading expressly seeks victim–specific relief aimed at making the Knable, Curry and Raddatz Plaintiffs whole. Specifically, the EEOC prayer for relief requests that this Court in part (emphasis added):

> C. Order Defendants Chateau Del Mar, Inc,. and Hickory Properties, Inc., <u>to make whole the Chateau CPs</u>, and the Hickory CPs, respectively, and a class

5

of female employees who were terminated or constructively discharged *by providing appropriate back-pay with pre-judgment interest, [. . . ] and other affirmative relief necessary […]*.

F. Order Defendants Chateau Del Mar, Inc,. and Hickory Properties, Inc., *to make whole the Chateau CPs*, and the Hickory CPs, respectively, and various classes of female employees *by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein […]*.

I. Order Defendants Chateau Del Mar, Inc,. and Hickory Properties, Inc., *to make whole the Chateau CPs*, and the Hickory CPs, respectively, and various classes of female employees *by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, […]*.

L. Order Defendants Chateau Del Mar, Inc., and Hickory Properties, Inc., *to pay the Chateau CPs*, and the Hickory CPs, respectively, and various classes of female employees *punitive damages for their malicious and /or reckless conduct described above, [. . .]*.

Plaintiff's First Am. Compl., Doc. 18, pp. 6-8. A review of the Private Action confirms that the Knable, Curry and Raddatz Plaintiffs seek the same remedies sought by the EEOC on behalf of Knable, Curry and Raddatz.[3]

---

[3]. In their prayers for relief, each Plaintiff seeks to be made whole, and seeks:

A. Actual damages in the form of lost wages, compensation and benefits which Plaintiff has suffered;
B. Actual damages in the form of future lost wages and front pay;
C. Actual damages in the form of prejudgment interest on all lost wages, compensation and benefits and all monies awarded to Plaintiff;
D. Award Plaintiff compensatory damages in the amount of $300,000.00 for intentional sexual discrimination and intentional sexual harassment, humiliation, embarrassment, loss of reputation, loss of dignity, substantial emotional pain and emotional distress, mental anguish, and Defendants' interference with Plaintiff right to pursue her career free from intentional discrimination;
E. Enter a declaratory judgment that Defendants' actions constitute unlawful intentional sexual discrimination and sexual harassment or retaliation for engaging in protected activity in violation of 42 U.S.C. §2000e, et. seq.;
F. Award Plaintiff all attorneys' fees, expenses and costs incurred herein;
G. That Plaintiff be awarded punitive damages and assess punitive damages against Defendants Chateau Del Mar, Inc. for willful violations of Title VII in an amount greater than $300,000.00;
H. For such other and further relief which this Honorable Court deems just and equitable to make Plaintiff whole in accordance with Title VII.

*See* Curry Complaint, Doc. 1.

Clearly, the prayer for relief as pled by the EEOC seeks the exact same remedies for Knable, Curry and Raddatz, as they seek for themselves, an obvious duplication of claims and violative of the statutory framework and interpretive case law. *See Harris Chernin*, 767 F. Supp. at 925.

## IV.   CONCLUSION

For the reasons contained herein, Defendants Chateau Del Mar, and Hickory Properties, Inc., respectfully request that this Court dismiss the EEOC's Amended Complaint to the extent said complaint is based upon the charges field by Knable, Curry and Raddatz. Alternative, at the very least, the EEOC should be barred from seeking individual specific remedies on behalf of Knable, Curry and Raddatz in light of the filing of the Private Action.

Dated:  July 24, 2008                           Respectfully submitted,

                                                Defendants Chateau Del Mar and
                                                Hickory Properties, Inc.

                                                By:      s/Michael Lee Tinaglia/s
                                                         One of their attorneys

MICHAEL LEE TINAGLIA
J. MOLLY WRETZKY
Law Offices of Michael Lee Tinaglia, Ltd.
9700 W. Higgins, Rd. Suite 1015
Rosemont, IL 60018
(847) 692-0421
(847) 685-8440 fax
Cook Attorney #22869
ARDC # 2835886
mltinaglia@tinaglialaw.com

Thomas Paris, Esq.
55 West Monroe
Chicago, Illinois 60602
(312) 759-1600
(312) 201-1436 Fax
tomparislaw@sbcglobal.net