**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08 C 1720 |
| CHATEAU DEL MAR, INC. and HICKORY HILLS PROPERTIES, INC. d/b/a HICKORY HILLS COUNTRY CLUB, | ) ) ) ) | Judge Pallmeyer Magistrate Judge Nolan |
| Defendants. | ) ) ) | |

**EEOC'S  MOTION TO QUASH SUBPOENA**

Plaintiff Equal Employment Opportunity Commission ("EEOC") respectfully moves the

Court, pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, for an Order quashing

subpoenas issued by Defendants Chateau Del Mar, Inc. and Hickory Properties Inc. d/b/a

Hickory Hills Country Club ("Defendants") directed to the Las Vegas Police Department and to

the Clark County Sheriff's Office,  requesting "any and all records of criminal activity,

investigations, charges regarding Lisa Musto, female, date of birth:  7/19/1966."  (See Exhibit A,

Subpoenas to Las Vegas Police Department and Clark County's Sheriff's Office)1.

**THE INFORMATION AND TESTIMONY SOUGHT IN THE SUBPOENA IS NOT**
**RELEVANT AND IS INTENDED TO HARASS MUSTO**

This is a sexual harassment case, in which EEOC alleges Defendants discriminated

against Joan Knable ("Knable"), Jill Raddatz ("Raddatz"), Karen Curry ("Curry"), Maria

Rodriguez ("Rodriguez"), Lisa Buglio ("Buglio"), Ronda Adamek ("Adamek") and a class of

female employees, which includes Lisa Musto ("Musto"), on the basis of their sex by subjecting

---

1    The subpoenas list the incorrect Defendants and the incorrect case number.

them to sexual and gender-based harassment; retaliating against them by wrongfully terminating their employment for having opposed and made complaints about the hostile work environment; constructively discharged a class of female employees as a result of the sexual harassment; discriminated against a class of African American employees by subjecting them to different terms and conditions of employment, including termination, because of their race; and discriminated against a class of African American applicants for employment by failing to hire them, because of their race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII").

The subpoenas in question here seek the following information from the Las Vegas Police Department and the Clark County Sheriff's Office: "Any and all records of criminal activity, investigations, charges regarding Lisa Musto, female, date of birth 7/19/1966." (See *Exhibit A*).2  The subpoenas are designed to harass Musto for her participation as a class member in this lawsuit.  The information sought by Defendants in their subpoenas amounts to a fishing expedition for private, and hopefully damaging, personal information about Musto, without any basis for believing that admissible evidence exists.  Moreover, the type and scope of the information sought here by Defendants would cause undue annoyance, embarrassment and oppression to Musto, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

Additionally, Musto lived in Las Vegas prior to the time that she was hired by Defendants.  Consequently, any information obtained as a result of the subpoenas has no relevance to this litigation.  Although this information is not relevant, Defendants may nonetheless be able to explore this topic directly with Musto when she is deposed, assuming the information sought complies with Fed. R. Evid. 609.  Nevertheless, it remains improper for

---

2     Defendants improperly served the Clark County Sheriff's Office with a summons instead of a subpoena seeking the same information as that sought in its subpoena to the Las Vegas Police Department.  Therefore, for purposes of this motion, EEOC treats the summons as if it were a subpoena.

Defendants to issue subpoenas to the Las Vegas Police Department and the Clark County

Sheriff's Office requesting information relating to Musto's "criminal activities."

Defendants cannot use Musto's arrest records to impeach her credibility. While Federal

Rule of Evidence 609 (a) provides that a witness's credibility may be impeached by showing that

he or she has been convicted of a felony or any crime involving dishonesty or false statements,

arrest may not be used to attack credibility. *Jackson v.* Crews, 873 F.3d 1105, 1110 (8th Cir.

1989).

While the scope of discovery under Rule 26 is broad, it is limited by relevance.

Discovery is permissible if it "appears reasonably calculated to lead to the discovery of

admissible evidence." Fed.R.Civ.P. 26(b)(1). Courts in this district have repeatedly prevented

discovery of claimants' arrest records. *EEOC and Jefferson v. Area Erectors, Inc.*, No. 07 C

2339, Memorandum Opinion and Order at 7 (N.D. Ill. Nov. 27, 2007) (finding claimant's arrest

records would not be compelled without a particularized showing because the speculative benefit

of such a wide sweeping inquiry is outweighed by the threat of annoyance, embarrassment and

oppression.), attached as *Exhibit B*; *EEOC v. Int'l Profit Assocs., Inc.*, No. 01 C 4427 (N.D. Ill.

July 9, 2002) (ordering that the defendant may only ask questions regarding arrests and

convictions that are admissible under Fed. R. Evid. 609 for impeachment purposes), attached as

*Exhibit C*; and *Jones and EEOC v. Scientific Colors, Inc.*, Nos. 99 C 1959 & 00 C 0171,

Memorandum Opinion and Order at 4 (N.D. Ill. June 14, 2001) (barring defendant's inquiries

into EEOC claimant's arrest records in racial harassment case), attached as *Exhibit D*.

For the same reasons, the Court in this case should prevent the production of all of

Musto's "criminal records" by granting the EEOC's motion to quash subpoenas. The

information sought by Defendants in its subpoenas has absolutely no relevance to this case and

amounts, at best, to an open-ended search for evidence of misconduct by Musto, with no basis to support such a search.  Such an attempt by Defendants cannot meet the standard of being reasonably calculated to lead to the discovery of admissible evidence.

## **CONCLUSION**

The subpoenas at issue here seek no relevant or admissible evidence.  The subpoenas do, however, serve to annoy, embarrass and oppress Ms. Musto and subjects her to an open-ended investigation of her personal life.   Therefore, EEOC respectfully requests that the subpoenas to the Las Vegas Police Department and the Clark County Sheriff's Office be quashed.

Dated: September 5, 2008                              Respectfully submitted,


                                                     *s:  June Wallace Calhoun*
                                                     June Wallace Calhoun
                                                     Trial Attorney
                                                     EQUAL EMPLOYMENT OPPORTUNITY
                                                       COMMISSION
                                                     500 West Madison Street, Suite 2800
                                                     Chicago, IL 60661
                                                     (312) 353-7259

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES EQUAL OPPORTUNITY COMMISSION, | ) ) | |
| **Plaintiffs,** | ) | 07 C 6021 |
| | ) | |
| v. | ) | |
| | ) | **Judge Pallmeyer** |
| **CHATEAU DEL MAR, INC. An** | ) | **Magistrate Judge Nolan** |
| **Illinois corporation, and STEVEN P.** | ) | |
| **GIANAKAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF SUBPOENA RECORDS DEPOSITION

Ms. June Wallace Calhoun
U.S. Equal Employment
Commission
500 W. Madison Street
Suite 2000
Chicago, IL 60661

Ms. Diane Smason
U.S. Equal Employment
Commission
500 W. Madison Street
Suite 2000
Chicago, IL 60661

Mr. Timothy M. Nolan
Nolan Law Offices
53 W. Jackson Blvd.
Suite 1137
Chicago, IL 60604-3737

**YOU ARE HEREBY** notified that the Deposition (Records Only) of Las Vegas Police Department will be taken on or before September 12, 2008 at 10:00 a.m. at the offices of Thomas M. Paris, 55 W. Monroe, Suite 3950, Chicago, Illinois.

### PROOF OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above notice and any attached pleadings were served to whom they area directed at the addresses indicated on August 28, 2008 via the U.S. postal service.

ARDC# 6209691
THOMAS M. PARIS
55 West Monroe Street, Suite 3950
Chicago, Illinois 60603
312/759-1600

Respectfully submitted,

Thomas M. Paris



PLAINTIFF'S
EXHIBIT
A

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**
# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF _____ ILLINOIS

United States EEOC

V.

Chateau del Mar, Inc., an Illinois Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07 C 6021

TO:  Las Vegas Police Department
400 Steward Avenue, #8
Las Vegas, NV 89101

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all records of criminal activity, investigations, charges regarding Lisa Musto, female, date of birth: 7/19/1966.

| PLACE      55 W. Monroe, Suite 3950, Chicago, IL  60603 | DATE AND TIME 9/12/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
55 W. Monroe, Suite 3950, Chicago, IL 60603
312-759-1600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## RIDER

Any and all records of criminal activity, investigations, charges regarding Lisa Musto, female, date of birth: 7/19/1966.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES EQUAL** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiffs,** | ) | **07 C 6021** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Pallmeyer** |
| **CHATEAU DEL MAR, INC. An** | ) | **Magistrate Judge Nolan** |
| **Illinois corporation, and STEVEN P.** | ) | |
| **GIANAKAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF SUBPOENA RECORDS DEPOSITION

Ms. June Wallace Calhoun
U.S. Equal Employment
Commission
500 W. Madison Street
Suite 2000
Chicago, IL 60661

Ms. Diane Smason
U.S. Equal Employment
Commission
500 W. Madison Street
Suite 2000
Chicago, IL 60661

Mr. Timothy M. Nolan
Nolan Law Offices
53 W. Jackson Blvd.
Suite 1137
Chicago, IL 60604-3737

**YOU ARE HEREBY** notified that the Deposition (Records Only) of Clark County Sheriff will be taken on or before September 12, 2008 at 10:00 a.m. at the offices of Thomas M. Paris, 55 W. Monroe, Suite 3950, Chicago, Illinois.

### PROOF OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above notice and any attached pleadings were served to whom they area directed at the addresses indicated on August 28, 2008 via the U.S. postal service.

ARDC# 6209691
THOMAS M. PARIS
55 West Monroe Street, Suite 3950
Chicago, Illinois 60603
312/759-1600

Respectfully submitted,

Thomas M. Paris

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

United States Equal Employment Opportunity
Commission

|  |  |
|---|---|
| CASE NUMBER: | 07 C 6021 |

V.

Chateau del Mar, Inc., an Illinois Corporation
and Steven P. Gianakas

|  |  |
|---|---|
| ASSIGNED JUDGE: | Judge Pallmeyer |
| DESIGNATED MAGISTRATE JUDGE: | Nolan |

TO: (Name and address of Defendant)

Clark County Sheriff
330 S. Casino Center Blvd.
Las Vegas, NV  80101

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Any and all records of criminal activity, investigations, charges regarding Lisa Musto,
female, Date of Birth: 7/19/1966.

an answer to the complaint which is herewith served upon you, within _Return of 9/12/08_ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

NOTE: When the print dialogue
box appears, be sure to uncheck
the Annotations option.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK                                         DATE

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)* | |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

_____

_____

☐  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                       Date                          *Signature of Server*

                                          _____
                                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## RIDER

Any and all records of criminal activity, investigations, charges regarding Lisa Musto, female, date of birth: 7/19/1966.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | **Case No. 07 C 02339** |
| ) | |
| ) | **Magistrate Judge** |
| **Plaintiff,** ) | **P. Michael Mahoney** |
| ) | |
| **and** ) | |
| ) | |
| **GILES L. JEFFERSON,** ) | FILED |
| ) | |
| **Plaintiff-Intervenor,** ) | NOV 2 7 2007 |
| ) | |
| **vs.** ) | |
| ) | MICHAEL W. DOBBINS, CLERK |
| **AREA ERECTORS, INC.,** ) | U.S. DISTRICT COURT |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

This case is brought under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and Title I of the Civil Rights Act of 1991. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Area Erectors Inc., terminated Giles L. Jefferson and other African American employees because of their race. Plaintiff further alleges that Defendant terminated Mr. Jefferson's employment in retaliation for Jefferson's complaints about racial discrimination and in retaliation for filing charges with the EEOC.

On September 28, 2007, Plaintiff filed a Motion for a Protective Order. On October 3, 2007, Defendant filed a Motion to Compel. Both of these motions concern the same discovery dispute. At issue is whether certain EEO-3 reports within the EEOC's possession along with claimants' medical/psychological, arrest, and prior litigation records are properly the subject of

1


PLAINTIFF'S EXHIBIT
B

discovery.

I. EEO-3 Reports Within the Possession of the EEOC:

Request No. 1 of Defendant's Third Request for Production sought all EEO-3 reports

submitted to the EEOC by sixteen various labor organizations since January 1, 1985. Pursuant to

42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.22, local unions having 100 or more members must

file a Local Union Report EEO-3 ("EEO3 report") with the EEOC on a biennial basis. Plaintiff's

Response to Defendant's Motion to Compel at 1. Defendant claims these reports are relevant

because they identify the racial makeup of the pool of union employees from which Defendant

does its hiring.

However, the EEOC has objected to producing these EEO3 reports. The EEOC bases it

objections on 42 U.S.C. § 2000e-8(e), which provides:

(e) Prohibited disclosures; penalties

It shall be unlawful for any officer or employee of the Commission to make public
in any manner whatever any information obtained by the Commission pursuant to its
authority under this section prior to the institution of any proceeding under this
subchapter *involving* such information. Any officer or employee of the Commission
who shall make public in any manner whatever any information in violation of this
subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be
fined not more than $1,000, or imprisoned not more than one year.

42 U.S.C. § 2000e-8(e) (emphasis added). The question becomes, does this proceeding

"involve" the EEO3 reports?

The answer is no. This action does not "involve" the EEO3 reports because this case

concerns the wrongful termination of Defendant's employees based on race, not the wrongful

refusal to hire. Therefore, the racial identity of the pool of employees available to Defendant is

not at issue, and this case does not "involve" the reports that contain such data. Because

2

Defendant has failed to demonstrate how this case "involves" the EEO3 reports, the court will

not compel the EEOC to produce them at this time.

II.  Claimant's Medical/Psychological Records:

Defendant's Request to Produce Number 1.i. states:

1.  For each individual for whom the EEOC is claiming relief, produce the following
documents:  i. A signed and notarized Authorization to Release Medical Records .
. . for each healthcare provider such individual has sought treatment from for the past
five years and/or in connection with any damages claimed on behalf of such
individual in this action.

Defendant's Memorandum of Law in Support at 10.[1]  Defendant insists that claimants' past five

years of medical and psychological records are discoverable because Plaintiff has made a claim

for compensatory damages rooted in the emotional distress of the claimants.  *See* Amended

Complaint, Prayer for Relief, ¶ E (wherein EEOC requests that the court "[o]rder Area to make

[claimants] whole by compensating them for . . . injury to professional reputation, emotional

pain, suffering, loss of enjoyment of life, and humiliation. . . .").  In order to identify sources of

claimants' emotional distress other than Defendant's conduct, Defendant seeks production of

claimants' medical and psychological records.

Plaintiff objected by stating, in relevant part, that such discovery is:

a gross invasion of privacy, a breach of the doctor/patient privilege, irrelevant and not
reasonably calculated to lead to the discovery of admissible evidence. . . .  To the

---

[1]  Defendant has since offered to narrow this request to seek only medical records relating
to workers compensation claims for all claimants and psychological records for each individual
claimant who is seeking compensatory damages for emotional distress.  *See* Defendant's
Memorandum of Law in Support at 17-18.  The EEOC responded by offering to produce
documents from workers' compensation health care providers indicating dates the claimants were
unable to work because of work-related injuries.  *See* Plaintiff's Motion for a Protective Order at
4.  Neither party elected to accept the other's proposed compromise.

3

extent section (I) is requesting information regarding treatment sought for medical and/or psychological conditions that were caused by the discriminatory actions of Area Erectors, and for which the individual is claiming damages, EEOC will provide the information.

Plaintiff's Motion for a Protective Order at 3. It is the EEOC's position that a garden variety compensatory damages claim rooted in emotional distress does not open the door to extensive discovery into claimants' psychological records so long as the claimants do not intend to rely on their psychological symptoms, conditions, or treatment to support their claim for compensatory damages. *See Id.* at 5.

The broad scope of discovery provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Since this case is based upon a federal cause of action, Title VII, the question whether the desired medical and psychological records are privileged is a question that must be answered pursuant to the federal common law. Fed.R.Evid. 501; *Mem'l Hosp. for McHenry County v. Shadur,* 664 F.2d 1058, 1061 n. 3 (7th Cir. 1981).

Federal common law recognizes a psychotherapist-patient privilege. *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). The state of Illinois also recognizes this privilege. 740 ILCS 110; *Reda v. Advocate Health Care,* 756 N.E.2d 1002, 1007-08 (Ill.S.Ct. 2002). Like other privileges, the psychotherapist-patient privilege can be waived. *Jaffee,* 518 U.S. at 15 n. 14, 116 S.Ct. 1923. One way a privilege holder waives their privilege is by placing the privileged communications directly at issue in a lawsuit. *Santelli v. Electro-Motive,* 188 F.R.D. 306, 308 (N.D. Ill. 1999). After all, a party who "asserts a claim as a sword should not also be permitted to assert a privilege as a shield to deflect questions regarding the claim." 6 Moores Federal Practice, §26.47[5] (Matthew Bender 3d ed.).

4

At issue here is whether claimants have waived the psychotherapist-patient privilege by claiming compensatory damages rooted in "emotional pain, suffering, loss of enjoyment of life, and humiliation." There is a mix of authority on the subject, as the parties' briefs illustrate.

However, in the Northern District of Illinois, Judge Kennelly's opinion in *Santelli v. Electro-Motive* supplies the most appealing approach. 188 F.R.D. 306, 307-310 (N.D. Ill. 1999); *see also Krocka v. City of Chicago*, 193 F.R.D. 542, 544 (N.D. Ill. 2000); *Saket v. American Airlines, Inc.*, 2003 WL 685385, at *1 (N.D. Ill. 2003). *Santelli* concerned a Title VII Plaintiff claiming compensatory damages for the emotional distress she suffered as a result of defendant's alleged discrimination. *Id.* at 307. The mere existence of this emotional distress claim was not held to constitute a waiver of the Plaintiff's psychotherapist-patient privilege. Rather, the court determined that because Plaintiff's claim was limited to compensation for "the negative emotions that she experienced essentially as the intrinsic result of the defendant's alleged conduct," and because Plaintiff was "barred from introducing evidence of any resulting symptoms or conditions that she might have suffered," Plaintiff's claim was narrowed to such an extent that she had successfully avoided waiving her psychotherapist-patient privilege. *Id.* at 309. The court went on to recognize that "a party waives her psychotherapist-patient privilege by electing to inject into a case either the fact of her treatment or any symptoms or conditions that she may have experienced." *Id.*

Looking to the case at hand, the EEOC has attempted to impose *Santelli* type limitations on its emotional distress claims. The EEOC states:

> If EEOC identifies any claimants who have sought psychological treatment due to discrimination at Area Erectors, and the claimant wishes to base his or her claim for compensatory damages on the psychological symptoms or conditions he or she suffered and the treatment he or she sought, EEOC will produce psychological records *related to the treatment sought because of discrimination.* However, if the

5

claimant does not want to rely on his or her treatment to support a compensatory damages claim, EEOC will not produce records of treatment, but will agree that the claimant can testify only about the negative emotions he or she experienced as a result of the discrimination and cannot testify about psychological symptoms, conditions, or treatment to support his or her claim for compensatory damages.

Plaintiff's Motion for a Protective Order at 7 (emphasis added).

However, the EEOC's proposed limitations do not go far enough. The court holds that the EEOC is forced to choose between: 1) tailoring claimants' emotional distress claims to the "garden variety," thereby closing the door to any discovery into claimants' treatment and symptoms[2] and agreeing not to introduce any evidence of the same; or 2) agreeing to waive claimants' psychotherapist-patient privilege in exchange for the freedom to introduce evidence of claimant's treatment and symptoms in support of their emotional distress claims.[3] *See, e.g., Santos v. Boeing Co.*, No. 02 C 9310, 2003 WL 23162439 (N.D. Ill. Oct. 21, 2003) (discussing "garden variety" type emotional distress claim).

The court orders the EEOC to identify those claimants, if any, who intend to waive their psychotherapist-patient privilege and to produce all relevant medical and psychological records pertaining to those claimants. Once Defendant knows the identity of the claimants who have waived their psychotherapist-patient privilege and has received this initial disclosure, Defendant may seek further discovery from the court as appropriate. Claimants willing to limit their emotional distress claim to the negative emotions that they experienced as the intrinsic result of

---

[2] Examples of symptoms include nervousness, sleeplessness and depression. *Saket*, 2003 WL 685385, at *1.

[3] The waiver of the psychotherapist-patient privilege opens the door to discovery of alternate causes of claimants' emotional distress. The EEOC's proposed limitations were deficient because they only offered records directly related to the alleged discrimination. Waiver opens the door much wider than the EEOC proposed, making alternate causes of claimants' emotional distress discoverable wherever waiver has been established.

6

the defendant's alleged conduct have avoided waiving their psychotherapist-patient privilege and

are not required to produce any psychological or medical records.

## III. Arrest Records

Interrogatory No. 5 of Defendant's Second Set of Interrogatories states:

For Each individual for whom the EEOC is claiming relief, identify any and all
situations or events which have led to said individual's arrest, incarceration or
conviction.

Defendant's Memorandum of Law in Support at 20. The EEOC objected to providing

information about claimants' arrests, but agreed to produce information about incarcerations and

convictions. Defendant responds that "[i]t is the conduct on the job which may or may not have

led to an arrest or conviction that Defendant is interested in investigating." *Id.* at 22.

In the event that the Defendant is able to articulate some particularized suspicion that a

claimant may have been arrested for work related misconduct conduct, the court will consider

compelling the production of his or her arrest records. However, without a particularized

showing, the speculative benefit of such a wide sweeping inquiry is outweighed by the threat of

annoyance, embarrassment and oppression.[4] *See* Fed.R.Civ.P. 26(c). Claimant's arrest records

will not be compelled at this time.

## IV. Prior Litigation Records

Defendant's Interrogatory No. 4 states:

---

[4] The usefulness of claimants' arrest records is questionable for two reasons: 1) an arrest
record (as opposed to evidence of a conviction) can not be used to impeach a witness's credibility
under F.R.E. 609(a); and 2) Defendant's 30(b)(6) representative, Steve Schrader, admitted during
his deposition that Defendant did not have any policy against hiring convicted felons. This
admission disproves Defendant's suggestion that, if the arrest would have led to a termination of
the arrested employee, newly revealed evidence of the arrest could act to limit the damages owed
Plaintiff. If Defendant had no qualms about hiring a convicted felon in the first place, why
would it fire an employee who was merely arrested, but never charged?

7

For each individual on behalf of whom the EEOC is claiming relief, identify all litigation that such individual has been involved in as a party for the past five years.

Defendant's Memorandum of Law in Support at 18. The EEOC agreed to produce only information relating to civil rights violations, claiming that the identification of any other prior litigation is an invasion of privacy, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. *Id.*

However, claimants' prior litigation concerning personal injuries could lead to the discovery of admissible evidence. For example, a claimant's testimony about the extent of his or her injuries could be used to impeach later testimony about his or her availability to work. However, defendants have failed to identify any impeachment value in discovery relating to other types of civil cases. Therefore, the court will compel the EEOC to identify only those prior cases which concern the personal injury of a claimant, whether that injury was work related or not. No other prior litigation needs to be identified at this time.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 11/27/07

8

Case 1:01-cv-04427    Document 65    Filed 07/09/2002    Page 1 of 2

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4427 | **DATE** | 7/9/2002 |
| **CASE TITLE** | EEOC vs. International Profit | | |

**MOTION:**    [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ■  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ■  Status hearing held and continued to 7/30/2002 at 10:00 A.M.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
        ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]   EEOC's motion for entry of a protective order is granted in part and denied in part. Defendant is only allowed to ask deponents questions regarding drug use related to the workplace. Defendant is only allowed to ask questions regarding arrests and convictions admissible for impeachment purposes. EEOC's motion limiting the time of deposition of EEOC class members is denied without prejudice. Plaintiff's motion for an order holding Defendant in violation of the 10/16/01 protective order is denied as stated in open court. Defendant is to supplement responses to Interrogatory #8 with another 20 claims on or by 9/10/02. Enter order sealing the Defendant IPA's response to EEOC's motion regarding contempt.

(11)  ■    [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 1 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 65 |
| | Copy to judge/magistrate judge. | | 7/9/2002 | |
| | | 02 JUL -9 PM 5: 40 | date mailed notice | |
| DK | courtroom deputy's initials | | DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

PLAINTIFF'S EXHIBIT
C

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge McKeague | Sitting Judge if Other than Assigned Judge | Ian H. Levin |
|---|---|---|---|
| **CASE NUMBER** | 00 C 171 | **DATE** | 5/9/2001 |
| **CASE TITLE** | EEOC vs. Scientific Colors, Inc | | |

**MOTION:** {In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Motion for an order barring defendant from asking claimants whether they have ever been arrested

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) □ Brief in support of motion due _____.

(3) □ Answer brief to motion due_____. Reply to answer brief due_____.

(4) □ Ruling/Hearing on _____ set for _____ at _____.

(5) □ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) □ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) □ Trial[set for/re-set for] on _____ at _____.

(8) □ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) □ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
□ FRCP4(m)  □ General Rule 21  □ FRCP41(a)(1)  □ FRCP41(a)(2).

(10) ■ [Other docket entry]  **Motion is granted for reasons stated of record.**

(11) □ [For further detail see order (on reverse side of/attached to) the original minute order.]

| ✓ | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | MAY 1 5 2001 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | |
| | SM | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 01 MAY 14 PM 5: 36 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy in|

PLAINTIFF'S EXHIBIT
D

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 668943 (N.D.Ill.)

Page 1

**H**Jones v. Scientific Colors, Inc.
N.D.Ill.,2001.
Only the Westlaw citation is currently
available.
United States District Court, N.D. Illinois,
Eastern Division.
Norman JONES, et al. Plaintiffs,
v.
SCIENTIFIC COLORS, INC., d/b/a Apollo
Colors, Inc., Defendant.
UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff,
v.
SCIENTIFIC COLORS, INC., d/b/a Apollo
Colors, Defendant.
**Nos. 99 C 1959, 00 C 0171.**

June 14, 2001.

MEMORANDUM OPINION AND ORDER
UPHOLDING MAGISTRATE JUDGE'S
ORDERS OF MAY 9, 2001

MCKEAGUE,[FN*] J.

> [FN*] United States District Judge,
> Western District of Michigan, sitting
> by designation.

**\*1** On May 9, 2001, Magistrate Judge Ian H.
Levin conducted a hearing on various
motions in these consolidated cases and
issued rulings on three motions. First, he
denied the motion of the individual
plaintiffs, Norman Jones, et al., to bar
testimony by expert witnesses whose names
and reports were not timely disclosed by
defendant Scientific Colors. Plaintiffs now
object to this ruling pursuant to Fed. R.
Civ.P. 72(a). Second, the magistrate judge

denied the motion of defendant Scientific
Colors to compel answers to certain
deposition questions addressed to plaintiff
Terry Fuller. Defendant objects to this
ruling. And finally, the magistrate judge
granted the motion of plaintiff Equal
Employment Opportunity Commission
("EEOC") to bar defendant from asking
claimants in their depositions whether they
have ever been arrested (unless the arrest
has led to a conviction where the conviction
or release from sentence occurred less than
12 years ago). Defendant also objects to this
ruling.

Under Rule 72(a), any ruling of the
magistrate judge will be modified or set
aside only upon a showing that it is clearly
erroneous or contrary to law.

I

Plaintiffs object to the denial of their motion
to bar expert testimony. In denying the
motion, the magistrate judge observed that
excluding testimony is a harsh sanction. He
also observed that defendant's failure to
identify rebuttal experts and furnish rebuttal
expert reports by April 16, 2001, may have
been attributable, at least in part, to an
excusable misunderstanding on the part of
defendant's counsel. The magistrate judge
ruled that defendant could have until May
15, 2001 to produce its rebuttal expert
reports. Plaintiffs contend this extension of
the deadline to a date a mere two weeks
prior to the close of discovery prejudices
them in their ability to timely complete
discovery.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 668943 (N.D.Ill.)

Having duly considered plaintiff's motion, as well as the transcript of the hearing conducted by the magistrate judge, the Court finds no clear error in the ruling. Plaintiffs have failed to specifically identify the nature of any unfair prejudice. *If* timely completion of discovery becomes a problem, *then* remedies less severe than excluding testimony can be explored. Accordingly, plaintiffs' objections are OVERRULED and the order denying the motion to exclude expert testimony is AFFIRMED.

II

Defendant Scientific Colors objects to denial of its motion to compel plaintiff Fuller to answer deposition questions regarding his use of drugs and regarding past acts or threats of domestic violence. The magistrate judge denied the motion, finding the line of questioning irrelevant. Defendant argues that plaintiff Fuller's hostile work environment claim, seeking damages for mental anguish, places his psychological well-being at issue. Because any history of drug use or domestic violence may also have affected his psychological well-being, defendant contends its questions are reasonably calculated to lead to the discovery of admissible evidence.

*2 Defendant has failed to persuade the Court that the magistrate judge's ruling is clearly erroneous. There may be a hypothetical possibility that such inquiries will lead to discovery of relevant information. However, the slight probative value of such information would appear to be substantially outweighed by its potential for unfair prejudice, confusion of the issues, and waste of time on collateral matters. Defendant's objections are OVERRULED

and the denial of the motion to compel is AFFIRMED.

III

Finally, defendant objects to the order barring its inquiries into the EEOC claimants' arrest records. The magistrate judge concluded such inquiries represented fishing expeditions designed to harass the claimants. Defendant contends the inquiries may lead to information bearing on claimants' psychological well-being.

Again, the Court finds the proffered connection too attenuated. Whether any of the claimants have been previously arrested-as opposed to convicted-is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten. The magistrate judge did not clearly err. His ruling is therefore AFFIRMED.

IT IS SO ORDERED.

N.D.Ill.,2001.
Jones v. Scientific Colors, Inc.
Not Reported in F.Supp.2d, 2001 WL 668943 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.