IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 08 C 1720 |
| Plaintiff, | ) ) | |
| | ) | JUDGE PALLMEYER |
| v. | ) ) | |
| CHATEAU DEL MAR, INC. and HICKORY PROPERTIES, INC., a Delaware Corporation | ) ) ) ) | MAGISTRATE JUDGE NOLAN |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

NOW COME the Defendants, CHATEAU DEL MAR, INC. ("Chateau") and HICKORY PROPERTIES INC., a Delaware corporation ("Hickory"), by their attorneys Michael Lee Tinaglia, J. Molly Wretzky and the Law Offices of Michael Lee Tinaglia, Ltd. and Thomas Paris, Esq. and for their Answer and Affirmative Defenses to the Amended Complaint of Plaintiff, Equal Employment Opportunity Commission ("EEOC") state as follows:

### ANSWER TO ALLEGATION IN NATURE
### OF THE ACTION SECTION OF COMPLAINT

ALLEGATION:

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et.seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of sex and race and for retaliation, and to provide appropriate relief to the classes of employees who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Chateau Del Mar, Inc. ("CDM") discriminated against Charging Parties Joan Knable ("Knable"), Jill Raddatz ("Raddatz") Karen Curry ("Curry") and Maria Rodriguez ("Rodriguez")(collectively, "the Chateau CPs") and a class of female employees by subjecting them to harassment because of their sex; retaliated against the Chateau CPs

1

and a class of female employees by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment; retaliated against Knable, Raddatz, Curry and a class of female employees by terminating their employment for having opposed and made complaints about the hostile work environment; and constructively discharged Rodriguez and a class of female employees as a result of the sexual harassment. The Commission further alleges that Hickory Properties, Inc. ("Hickory Properties") discriminated against Charging Parties Ronda Adamek ("Adamek") and Lisa Buglio ("Buglio") (collectively, "the Hickory CPs"), and a class of female employees by subjecting them to harassment because of their sex; retaliated against the Hickory CPs and a class of female employees by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment; and constructively discharged the Hickory Properties CPs and a class of female employees as a result of the sexual harassment. The Commission further alleges that CDM and Hickory (collectively, "Defendants") discriminated against a class of African American employees by subjecting them to different terms and conditions of employment, including termination, because of their race, and discriminated against a class of African American applicants for employment by failing to hire them because of their race.

ANSWER:

With respect to the first sentence, Chateau and Hickory admit that Plaintiff has filed an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et.seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, but deny any and all allegations of unlawful employment practices on the bases of sex, race and retaliation, and deny any right to relief.

Chateau and Hickory deny all the remaining allegations in the "Nature of Action" section of the Complaint.

### ANSWER TO ALLEGATIONS IN JURISDICTION AND VENUE SECTION OF COMPLAINT

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

ANSWER: The allegations in paragraph 1 of the complaint are admitted.

    2.    The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

ANSWER:  Defendants admit that the employment practices alleged to be unlawful were allegedly committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, but Defendants deny that said alleged practices were committed, or are now being committed as alleged by Plaintiff.

## PARTIES

    3.    Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

ANSWER:  The allegations in paragraph 3 of the complaint are admitted.

    4.    At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (15) employees.

ANSWER:  The allegations in paragraph 4 of the complaint are admitted.

    5.    At all relevant times, Defendant Hickory Properties, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (15) employees.

ANSWER:  Defendant admits the allegations in paragraph 5.

    6.    At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g) and (h).

ANSWER:  The allegations in paragraph 6 of the complaint are admitted.

    7.    At all relevant times, Defendant Hickory Properties, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g) and (h).

ANSWER:  The allegations in paragraph 7 are admitted.

    8.    Defendants Hickory Properties, Inc. and Chateau Del Mar, Inc. are both in the business of providing event, food, banquet and related services within the Hickory Hills Resort in Hickory Hills, Illinois and share various aspects of their business, including, but not limited to, advertising, certain management and operational functions and employees. From time to time, employees of Hickory Properties, Inc. work at Chateau Del Mar, Inc., and vice-versa.

ANSWER:  Chateau admits that it is in the business of providing event, food, banquet and related services within the Hickory Hills Resort but denies the remaining allegations of the first sentence.  Hickory denies the allegations in the first sentence of paragraph 8 of the Complaint. Chateau and Hickory each admit that on very rare and infrequent occasions, employees of Hickory work at Chateau Del Mar, Inc., and vice-versa.

### STATEMENT OF CLAIMS

    9.    More than thirty days prior to the institution of this lawsuit, the Chateau CPs filed charges with the Commission alleging violations of Title VII by CDM. More than thirty days prior to the institution of this lawsuit, the Hickory CPs filed charges with the Commission alleging violations of Title VII by Hickory Properties. All conditions precedent to the institution of this lawsuit have been fulfilled.

ANSWER:  The allegations in the first sentence of paragraph 9 of the complaint are admitted. The allegations in the second sentence of paragraph 9 of the complaint are admitted. The allegations in the third sentence of paragraph 9 of the complaint are denied.

    10.    Since at least 2003, Defendant CDM has engaged in unlawful employment practices at its facility in Hickory Hills, Illinois, in violation of Sections 703(a)(l) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(l) and 2000e-3(a). Such unlawful employment practices include, but are not limited to:

        (a)    subjecting a class of female employees, including the Chateau CPs, to harassment because of their sex;
        (b)    retaliating against a class of female employees, including the Chateau CPs, by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment;

      (c)    retaliating against a class of female employees, including Knable, Raddatz, and Curry, by terminating their employment for having opposed and made complaints about the hostile work environment;

      (d)    constructively discharging a class of female employees, including Rodriguez;

      (e)    subjecting a class of African American employees to different terms and conditions of employment, including, but not limited to, termination, because of their race; and

      (f)    failing to hire a class of African American applicants because of their race.

ANSWER:  The allegations in paragraph 10 of the complaint are denied and in particular, each and every one of the allegations contained in each of the sub-paragraphs of paragraph 10 of the complaint is denied.

    11.    Since at least 2003, Defendant Hickory Properties has engaged in unlawful employment practices at its facility in Hickory Hills, Illinois, in violation of Section 703 (a) (1 ) and 704(a) of Title VII, 42 D.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). Such unlawful employment practices include, but are not limited to:

      (a)    subjecting a class of female employees, including the Hickory CPs, to harassment because of their sex;

      (b)    retaliating against a class of female employees, including the Hickory CPs, by subjecting them to continuing sexual and gender-based harassment after they opposed and made complaints about the hostile work environment;

      (c)    constructively discharging a class of female employees, including the Hickory CPs;

      (d)    subjecting a class of African American employees to different terms and conditions of employment, including, but not limited to, termination, because of their race; and

      (e)    failing to hire a class of African American applicants because of their race.

ANSWER: Hickory denies the allegations of paragraph 11 and in particular, each and every one of the allegations contained in each of the sub-paragraphs of paragraph 11 of the complaint is denied.

    12.    The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive the Chateau CPs, the Hickory CPs and various classes of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

ANSWER:  The allegations in paragraph 12 of the complaint are denied.

     13.     The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive a class of African American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

ANSWER:  The allegations in paragraph 13 of the complaint are denied.

     14.     The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive a class of African Americans of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their race.

ANSWER:  The allegations in paragraph 14 of the complaint are denied.

     15.     The effect of the practices complained of in paragraphs ten (10) and eleven (11) above has been to deprive the Chateau CPs, the Hickory CPs and various classes of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their participation in and/or opposition to conduct protected by Title VII.

ANSWER:  The allegations in paragraph 15 of the complaint are denied.

     16.     The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are intentional.

ANSWER:  The allegations in paragraph 16 of the complaint are denied.

     17.     The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are done with malice or with reckless indifference to the federally protected rights of the Chateau CPs, the Hickory CPs and various classes of female employees.

ANSWER:  The allegations in paragraph 17 of the complaint are denied.

18. The unlawful employment practices complained of in paragraphs ten (10) and eleven (11) above were and are done with malice or with reckless indifference to the federally protected rights of a class of African American employees and a class of African American applicants.

ANSWER: The allegations in paragraph 18 of the complaint are denied.

## PRAYER FOR RELIEF

WHEREFORE, Chateau and Hickory, Defendants herein, pray that the Court enter judgment in their favor and against the Plaintiff, EEOC and that the Court deny all the relief requested by Plaintiff, EEOC.

## AFFIRMATIVE DEFENSES

First Affirmative Defense: The claims of the EEOC are barred to the extent that one or more of the claims have failed to state claims upon which relief can be granted.

Second Affirmative Defense: One or more of the individual claims of the EEOC are barred to the extent that the EEOC lacks standing to bring the claim.

Third Affirmative Defense: One or more of the class based claims of the EEOC are barred to the extent that the EEOC lacks standing to bring the claim.

Fourth Affirmative Defense: To the extent the EEOC has brought this action on behalf of specific individuals, the claims and relief sought are barred to the extent the specific individuals failed to mitigate their damages.

Fifth Affirmative Defense: To extent the EEOC has brought this action on behalf of specific individuals, the claims and relief sought are barred because the specific individuals

have pursued their individual rights and remedies by initiating their own claims in a separate and pending action.

Dated: September 10, 2008                    CHATEAU DEL MAR, INC. and HICKORY
                                             PROPERTIES, INC., Defendants

                                             By:    s/Michael Lee Tinaglia/s
                                                    One of their Attorneys

MICHAEL LEE TINAGLIA
J. MOLLY WRETZKY
Law Offices of Michael Lee Tinaglia, Ltd.
9700 W. Higgins Rd., Suite 1015
Rosemont, IL 60018
(847) 692-0421
(847) 685-8440 fax
mltinaglia@tinaglialaw.com


Tom Paris Esq.
55 W. Monroe Street
Chicago, Illinois 60603
(312) 759-1600
(312) 201-1436 fax
tomparislaw@sbcglobal.net